UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER G. HAYDEN, JR.<br>       Plaintiff,<br>  vs.<br><br>CALI KNIGHT, Executive Director External Relations; GAIL STONE, Law and Justice Policy Senior Advisor; MICHAEL PADILLA, External Relations Associate; CLAUDIA BALDUCCI, King County Council; ROD DEMBOWSKI, King County Council; ZAHILAY GIRMAY, King County Council; AMY CALDERWOOD, Director of King County Ombudsman's Office; LUKE OH, Deputy, King Ombuds Office; JONATHAN STIER, Senior Deputy, King County Ombuds Office; BRUCE HARRELL, Mayor of Seattle; KING COUNTY; CITY OF SEATTLE & MUNICIPALITY, Governmental Agencies and Agents,<br>       Defendants. | CASE NO. 2:22-cv-01527-JHC<br><br>ORDER RE: KING COUNTY DEFENDANTS' FRCP 12(b)(6) MOTION TO DISMISS |

  This matter comes before the Court on King County Defendants' FRCP 12(b)(6) Motion to Dismiss. Dkt. # 18. Plaintiff is pro se. The King County Defendants are Cali Knight, Gail Stone, Michael Padilla, Claudia Balducci, Rod Dembowski, Zahilay Girmay, Amy Calderwood, Luke Oh, and Jonathan Stier. The Court has considered the motion, the apparent response thereto (Dkt. # 22), the balance of the case file, and the applicable law. Being fully advised, the Court rules as follows:

ORDER RE: KING COUNTY DEFENDANTS' FRCP
12(b)(6) MOTION TO DISMISS
(2:22-cv-01527- JHC) - 1

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Here, the motion to dismiss appears to have merit. The complaint purports to assert section 1983 claims based on "Article I Section 8" and "Article 3 Section 2." *See* Dkt. # 4 (form complaint asks, "If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?"). It appears the complaint is referring to Articles 1 and 3 of the United States Constitution, which, respectively, concern Congress and the Judiciary. From this, the Court does not see how Plaintiff is asserting a legally cognizable claim under section 1983. Moreover, it appears that legislative immunity protects the King County Councilmembers and that qualified immunity protects the King County Defendants.

Accordingly, the Court GRANTS the motion. But the Court DISMISSES the claims against the King County Defendants WITHOUT PREJUDICE.

To be sure, when a court dismisses a pro se plaintiff's complaint, it must allow leave to amend the complaint "[u]nless it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("[A] district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."). Whether it is clear here that amendment would be futile is a close call. But the Court believes it in the interest of justice to allow Plaintiff to amend his complaint at least once. Accordingly, the Court GRANTS Plaintiff leave to amend his complaint with respect to the King County Defendants. Plaintiff must file any such amended complaint by Thursday, March 23, 2023.

DATED this 21st day of February, 2023.

_____
JOHN H. CHUN
United States District Court Judge