1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER HAYDEN et al., | CASE NO. 2:22-cv-01527-JHC |
| Plaintiffs, | ORDER |
| v. | |
| CALI KNIGHT et al., | |
| Defendants. | |

This matter comes before the Court on King County Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6).  Dkt. # 35.  The Court has considered the materials filed in support of, and apparently in opposition to, the motion, as well as the balance of the file and the applicable law.  For the reasons discussed below, the Court GRANTS the motion in part and DENIES it in part.

On February 21, 2023, the Court dismissed pro se Plaintiff's then claims against the King County Defendants without prejudice and granted Plaintiff leave to amend the complaint.  Dkt. # 27.  Plaintiff then filed five pleadings, which appear to be amendments to the original complaint. *See* Dkts. ## 29 ("Amendment to 1983 Civil Rights Complaint Lawsuit"), 30 ("Amendment to 1983 Injury and Relief"), 32 ("Amendment to 1983 Civil Rights Complaint Lawsuit"), 33

ORDER - 1

("Amendment to 1983 Civil Rights Complaint Lawsuit") & 34 ("Amendment to 1983 Civil Rights Complaint Lawsuit").  The King County Defendants again move to dismiss Plaintiff's claims against them.

When considering a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party.  *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations."  *Id.* at 679.  A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Court understands that Plaintiff is proceeding pro see and that he apparently feels that he has been wrongly treated by the King County Defendants.  But the Court cannot discern any cognizable legal theory in Plaintiff's pleadings supporting a claim in this court against any of the King County Defendants.

The motion seeks dismissal of the claims with prejudice.  The Court GRANTS in part and DENIES in part the motion.  The Court DISMISSES Plaintiff's claims against the King County Defendants without prejudice.  The Court does not grant Plaintiff leave to again amend his complaint.

/

/

ORDER - 2

1

Dated this 14th day of April, 2023.

2

3                                                       John H. Chun
                                                        United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 3