1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WALTER HAYDEN et al.,

        Plaintiffs,

v.

CALI KNIGHT et al.,

        Defendants.

CASE NO. 2:22-cv-01527-JHC

ORDER

       This matter comes before the Court on "Defendants Bruce Harrell and the City of Seattle's [(the City Defendants)] **Second** Motion to Dismiss Plaintiff's Amended Complaint(s) Under Rule 12(b)(6)." Dkt. # 36. The Court has considered the materials filed in support of, and apparently in opposition to, the motion, as well as the balance of the file and the applicable law. For the reasons discussed below, the Court GRANTS the motion in part and DENIES it in part.

       On February 21, 2023, the Court dismissed pro se Plaintiff's then claims against the King County Defendants without prejudice and granted Plaintiff leave to amend the complaint. Dkt. # 27. Plaintiff then filed five pleadings, which appear to be amendments to the original complaint. *See* Dkts. ## 29 ("Amendment to 1983 Civil Rights Complaint Lawsuit"), 30 ("Amendment to 1983 Injury and Relief"), 32 ("Amendment to 1983 Civil Rights Complaint Lawsuit"), 33

ORDER - 1

("Amendment to 1983 Civil Rights Complaint Lawsuit") & 34 ("Amendment to 1983 Civil Rights Complaint Lawsuit").  The City Defendants move to dismiss Plaintiff's claims against them.

When considering a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Id.* at 679.  A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Court understands that Plaintiff is proceeding pro se and that he apparently feels that he has been wrongly treated by the City Defendants.  But the Court cannot discern any cognizable legal theory in Plaintiff's pleadings supporting a claim in this court against any of the City Defendants.  For example, as the City Defendants argue, there is no Section 1983 cause of action for a violation of Article I, Section 8, Article III, Section 1, or Article II, Section 2 of the United States Constitution.

The motion seeks dismissal of the claims with prejudice.  The Court GRANTS in part and DENIES in part the motion.  The Court DISMISSES Plaintiff's claims against the City Defendants without prejudice.  The Court does not grant Plaintiff leave to again amend his

ORDER - 2

complaint.  The Court STRIKES as procedurally improper the proposed amended complaints at Dkt. ## 41 & 43.

Dated this 21st day of April, 2023.

*John H. Chun*

John H. Chun
United States District Judge